Andrew T. Ryan (SBN 227700)
THE RYAN LAW GROUP
317 Rosecrans Ave.
Manhattan Beach, CA 90266
Telephone: (310) 321-4800
Facsimile: (310) 496-1435
Email: Andrew.ryan@theryanlawgroup.com

Attorneys for Plaintiffs
Sara Ochoa and Kimberly Brown and
All Others Similarly Situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SARA OCHOA and KIMBERLY BROWN, on behalf of themselves and those similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>ZEROO GRAVITY GAMES LLC, a Delaware limited liability company,<br><br>                    Defendant. | Case No. 2:22-cv-05896-GHW-AS<br><br>**PLAINTIFFS' RESPONSE TO ORDER FOR SUPPLEMENTAL FILING**<br><br>Judge: Hon. George H. Wu |

Plaintiffs Sara Ochoa and Kimberly Brown (collectively, "Plaintiffs") provide this supplemental brief in response to the Court's September 19, 2025 Order regarding Attorneys' Fees ("Order"). Dkt. 169. The Order requests Class Counsel to provide further information regarding the time spent prosecuting this action. Class Counsel herein provides the additional details requested by the Court.

**Time Spent Reviewing Operation and Functionality of the ZG Mobile Games**

The Court first asks Plaintiffs to explain the amount of time spent on reviewing the ads in the ZG Mobile Games. The Court notes that there are approximately 150 discrete time entries for this task. In total, those time entries amount to less than 75 hours over three years - approximately 5% of Class Counsel's total hours. While the description used was admittedly short – "reviewing ads" – the specific steps performed within this description was far more involved.

Of these hours, approximately 40 hours were part of the counsel's pre-filing investigation. During this period, Class Counsel logged into Cash Tornado and Jackpot Master Slots on a near daily basis spending approximately 6-15 minutes per day per game to observe (1) the various sale offers to confirm that the stricken reference price was not the prevailing offer during a period of 90 days (as required by Cal. Bus. & Prof. Code §17501), and (2) the gaming mechanics, pricing and economy of the games for different users on different devices over that time. The Court suggests that these observations could have been made in a few hours to determine certain patterns. However, the economy and mechanics of these games are more nuanced and therefore required consistent monitoring over a period of several months. Also, because the economy changes with game progression, some degree of engagement with the games was necessary to advance different accounts to higher levels.

Counsel was initially investigating two separate ZGG games (Cash Tornado and Jackpot Master Slots) and then a third (Jackpot Friends). Counsel's investigation included monitoring the sale offers on different devices (i.e. OS and

Android) and with different accounts at different progression levels. This was important, because the games deployed "dynamic pricing" where each user was presented with different sale offers depending on their progression in the game, engagement level and spending history. Thus, in order to evaluate whether the reference prices in the ZG Mobile Games were not genuine and did not reflect the prevailing price, Class Counsel thought it prudent to observe how the dynamic pricing changed across devices and users of different progress levels. Still further, on some days, multiple logins were made to observe the operation of the various countdown presentations. These tasks made the investigation more time-consuming and resulted in variability in the amount of time spent on a given day.

Further, counsel also investigated whether the games violated gambling laws. In order to do so, Class Counsel played the slot machines casino games to the point of exhausting the virtual coins (which contributed to variances in time on a given day) to observe how long coins last in the games and the presentations and mechanics when coins are depleted in different slot games. Counsel further observed the various distribution of free coins in the games, which vary over time as different milestones and challenges are presented. Counsel further investigated the numerous mini-games (e.g. lottery and wheel of fortune games) to determine if they violated other provisions of California gambling laws besides prohibitions against slot machines.

Counsel acknowledges that this time spent was tedious and factual, investigatory work.   Coming out of the COVID crisis, between December 2021 - August 2022, The Ryan Law Group only had a single attorney and two support staff (who were not trained paralegals.) Counsel took this case on a contingency basis, bearing the full risk of time and costs needed to prosecute this action. The claims here presented novel and complex issues of law. For example, while false reference pricing claims had been litigated in the retail context for some time, there was little, if any, law on such claims in the context of mobile games. Given the nuances of the

- 2 -

games' economy in relation to complex legal theories and given that Class Counsel was deciding whether to take these claims on a full contingency basis, counsel's reasonable judgment at the time was that spending on average 15-20 minutes a day to understand these games first-hand was a prudent investment of time.

Further, this time spent paid dividends in this action, because the sufficiency of Class Counsel's investigation came under direct attack by Defendant in its Rule 11 motion. Defendant accused Mr. Ochoa and her counsel of "willfully fail[ing] to conduct the basic investigation that would have quickly confirmed the falsity of her allegations." Dkt. 19 at 2. These accusations and the threat of personal sanctions against Plaintiff were designed to pressure Class Counsel to withdraw Plaintiff's claims. At this same time, Defendant updated its terms of service to include mandatory arbitration and class waiver provisions. Thus, Class Counsel had not conducted a thorough investigation that allowed him to withstand Defendant's threat of sanctions, class members would have been left with no recourse before the Court.

The remainder of the time was the result of Class Counsel continuing to monitor and collect evidence from the games and to investigate an additional game Defendant introduced during the litigation (Jackpot Friends). Defendant updates the games on approximately monthly basis and Class Counsel was periodically checking those updates to confirm whether there were any material changes that would impact the class definition or claims. Class Counsel also spent time to test changes to the games after the Settlement was entered.

For these reasons, Class Counsel respectfully submits that the time spent investigating Defendant's games was reasonable and necessary. The Court comments that this "factual, investigatory work is "non-legal and does not require the skills and experience of an attorney." Even if, in hindsight, half or all of this investigatory work would have been more efficient to delegate, it does not warrant excluding these hours entirely, but at most, warrants applying a lower billing rate to

1   those hours (e.g. $350 per hours for a paralegal), which would only result warrant a

2   1.25 - 2.5% reduction of the requested fees.

3   **Allocation with *Ballew* matter**

4   This action was filed more than a year before the *Ballew* matter and the work

5   performed on this action during that time has been attributed entirely to this action.

6   While some of that work became useful in the *Ballew* matter, resulting in greater

7   efficiencies, that time has been allocated entirely to this matter because it was

8   incurred before Class Counsel was representing any client with a claim against

9   Huuuge Inc.  The primary work for which there was overlap between this action and

10  the *Ballew* matter that required allocation was with respect to the researching of

11  each state's gambling laws in connection with preliminary approval of the

12  settlements. This was a large undertaking that required several hours of work a day

13  review gambling statutes, regulations and case law for each state. On average, it

14  took 1-2 hours per state to identify and review the applicable gambling statutes,

15  which often encompassed multiple statutes directed to slot machines, casino games,

16  sweepstakes and lotteries. An additional 1-2 hours was spent per day reviewing case

17  law and any state agency opinions regarding these statutes. Class Counsel allocated

18  this work equally between this matter and the *Ballew* matter. Class Counsel's

19  remaining time was specific to each case.

20  **Time Spent Responding to Motions to Dismiss and Rule 11 Motions**

21          The Court asks Plaintiffs to explain why Class Counsel spent nearly 100

22  hours on their opposition to Defendant's Rule 11 motion; over 70 hours drafting and

23  revising their opposition to Defendant's motion to dismiss; over 40 hours drafting

24  and revising a motion to compel discovery and corresponding declaration; nearly 70

25  hours drafting and revising the motion for preliminary settlement approval. These

26  tasks totaled 280 hours, approximately 19% of the total time spent on this matter.

27          Class Counsel notes that the reasonableness of these hours should be

28  considered in the context of Mr. Ryan performing much the brief writing himself,

whereas such work at larger law firms is often times be performed by 2-3 senior attorneys, resulting in the same or likely more total hours spent. Class Counsel's time should not be found to be excessive simply because he performed this work by himself. To the contrary, this likely resulted in more efficiency, as Class Counsel did not spend the many hours typically seen for teleconferences and team meetings.

With respect to the opposition to Defendant's Rule 11 Motion, given the importance and potentially devastating outcome of losing that motion, Class Counsel spent the entirety of two weeks preparing that brief, supporting declarations and supporting evidence. This work broke down approximately as follows:

- Strategy and Planning (10–15 hours)
  - Review of motion and supporting papers
  - Create an annotated outline of all issues raised
  - Create timeline of tasks
  - Perform risk assessment to firm and client if motion granted;
  - Discuss with client
  - Evaluate impact of potential outcomes and opportunities for settlement
- Comprehensive Legal Research (18–20 hours)
  - Substantive precedent (10–12 hours): Research binding appellate cases and persuasive authorities regarding the objective reasonableness standard for pleadings, limits on using Rule 11 as a substitute for summary judgment or discovery disputes, potential procedural defects in service and safe harbor timing, cases denying sanctions where similar claims survived motions to dismiss.
  - Analogous fact patterns (6–7 hours): Pull cases involving similar claims (e.g., consumer protection, reference pricing, TCPA, etc.), showing courts held they were not sanctionable even when dismissed.
  - Secondary sources (2 hours): Review treatises, practice guides, and recent law review commentary on Rule 11 misuse.

1     •    Reviewing and testing veracity of declaration provided by Defendant;

2     compare declaration to internal finding (5-7 hours).

3     •    Exhibit and declaration preparation (4 hours)

4     •    Drafting first draft of opposition (35–40 hours)

5     •    Editing and review (4 hours)

6     •    Cite checking& Proofing (8–10 hours)

7     •    Record Verification (2–3 hours)

8     •    Formatting and local rule compliance (2–3 hours)

9     •    Finalization & Filing Preparation (8–10 hours)

10    Counsel acknowledges that this is a significant amount of time and perhaps more

11    than would be spent in opposing a typical motion, but this was not a typical motion.

12    Given the potentially devastating impact that losing that motion would have had on

13    Plaintiff and her counsel, Class Counsel thought it necessary to invest significant

14    resources in responding.

15        With respect to the motions to dismiss, Plaintiffs were responding to two

16    motions to dismiss – one from Zeroo Gravity Games and one from its parent

17    company, AppLovin. Class Counsel respectfully submits that spending an average

18    of 35-40 hours in opposing each motion is reasonable. Further, Class Counsel

19    believes that spending approximately 70 hours on the papers for preliminary

20    approval of the class settlement is reasonable, as this involved a 38-page

21    memorandum, an expert declaration, counsel's declaration, and declarations from

22    Plaintiffs.

23        Similarly, the motion to compel Class Counsel drafted was directed to nearly

24    every request for production and interrogatory Plaintiff served, because Defendant

25    was refusing to provide any such information other than data specific to Ms. Ochoa.

26    Thus, the motion to compel initially addressed requests and interrogatories, directed

27    to sales information, pricing strategies, the operation of sales in the games and class

28    contact information, totaling ten requests and interrogatories. While the motion

- 6 -

1  ultimately served was narrowed through additional meet and confer, the

2  approximately 40 hours spent in preparing Plaintiffs' portion of the L.R. Rule 37-1

3  joint stipulation is not unreasonable or excessive given the number of issues that

4  were in dispute.

5       Again, if the Court finds that some portion of these tasks should have been

6  performed by a less senior attorney, at most, this should result in the reduction of

7  the hourly rate for a portion of that work and does not warrant a significant

8  reduction or exclusion. For example, if the Court finds that half of that time should

9  have been delegated to an associate having an approximately 30% lower billing rate,

10  no more than 3% reduction from the Class Counsel's total fee request is warranted

11  (30% x 50% x 19%).

12  **<u>Block Billing</u>**

13       The Court asked counsel to provide further details regarding time entries that

14  were "block billed." The Court did not identify which specific entries it considered

15  to be blocked billed, but counsel assumes the Court is referring to those entries that

16  include multiple tasks in the same day in a single entry. Based on counsel's review,

17  there are 64 such entries out of 1,405 entries. Counsel provides additional details

18  regarding those entries in the updated timesheet attached hereto as Exhibit A.

19       Counsel further respectfully submits that the presence of block billing in less

20  than 5% of the entries does not warrant a reduction in fees. *See Trulock v. Hotel*

21  *Victorville*, 92 F. App'x. 433, 434 (9th Cir. 2004) (rejecting the argument that

22  "reliance on block billing in awarding attorney fees deprives the party ordered to

23  pay those fees of property without due process by denying that party the opportunity

24  to test, explain, or refute the evidence"); *Roadrunner Transp. Servs., Inc. v.*

25  *Tarwater*, No. 10-cv-1534-AGM-(LGx), 2013 WL 12170492, at *2 (C.D. Cal. Dec.

26  9, 2013), *aff'd*, 642 F. App'x. 759 (9th Cir. 2016) ("Attorneys do not have to make

27  one billing entry per task for a court to see where time was spent. The Court is not

28  persuaded that reducing fees for purported block-billing is appropriate

1  here."); *Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1030 (C.D. Cal. 2012)

2  (finding that the challenged block-billed entries were "sufficiently detailed to give

3  the Court an accurate sense of the tasks performed during each billed period" and

4  reducing them by only 5% to account for the time inflation inherent in block-

5  billing).

6  **<u>Overall Reasonableness of Fee Request</u>**

7      Class Counsel spent 1,500 of total attorney time over the course of 45

8  months. Class Counsel respectfully submits that, overall, this is a reasonable amount

9  of time in view of the complexity of the case and the level of skill needed to achieve

10  this result. "[T]he Court need not track and chart the reasonableness of each

11  individual billing entry. Rather, the Court 'may take into account [its] overall sense

12  of [the] suit, and may use estimates in calculating and allocating an attorney's

13  time.'" *Athena Cosms., Inc. v. AMN Distribution Inc.*, No. 2:20-CV-05526-SVW-

14  SHK, 2025 WL 736570, at *4 (C.D. Cal. Jan. 29, 2025) (quoting *Fox v. Vice*, 563

15  U.S. 826, 838 (2011)). The hours spent by Class Counsel should be considered in

16  the context that Mr. Ryan performed nearly all of the work himself with only one

17  junior associate. While the Court noted that some of that work may have been

18  performed by a less senior attorney or paralegal, any inefficiency from that lack of

19  delegation is more than offset by the inefficiencies of having a larger team, such as

20  having multiple attorneys participate in calls, attend hearings and hold internal

21  meetings.

22      Indeed, the hours spent by Class Counsel here are less than half those that this

23  Court recently found to be reasonable and efficient in a similar case. *Khan v.*

24  *BooHoo.com USA, Inc.*, Case No. 2:20-cv-03332-GW (JEMx) (C.D.Cal.) involved

25  claims regarding fake sales with respect to an online retailer but did not involve

26  issues of illegal gambling. That case reached a settlement within a similar time as

27  this case (2 years from filing). Counsel in *Khan* collectively spent 3,659 hours with

28  2,731 hours of partner work billed at a rate of $850. In approving the a loadstar

- 8 -

multiplier of 1.63 against counsel's $2.76 million in fees, the Court noted that "Counsel took up a case, on contingency, thereby sacrificing time that could have been spent on other, less-risky, matters, and put a substantial amount of work into the matter, saving the actions from dismissal…Though the case is now almost three years old, they achieved this result before much of the expenses associated with discovery and further merit proceedings would have occurred, and they did so all while leanly-staffing the matter." *Id.*, Dkt. 199 at 11.

Further, the fee request is reasonable in view of the value of the settlement, which Defendant does not dispute. The Court found that it could not "satisfactorily establish a valuation of the relief afforded by the Settlement." Dkt. 164 at 19. However, both parties and Plaintiffs' damages expert agrees that the in-game credits are worth $6.7 million and that the value of the injunctive relief is substantially more than that. In *BooHoo*, the Court applied the full-face value of $10 gift cards (with no non-coupon cash equivalent option) in awarding the requested attorneys' fees. The Court found that "Plaintiffs' counsel do not advocate for a percentage recovery here, considering there is no overall lump of money…However, they do compare what the *do* seek by way of noting what percentage figure it would amount in relation to the total value of the settlement." *BooHoo.com USA, Inc.*, Case No. 2:20-cv-03332-GW (JEMx), Dkt. 199 at 11. Like the in-game credits here, the gift cards in *BooHoo* were only usable to "purchase items from a limited universe" of BooHoo's online stores and "only ha[d[ value 'if a class member [was] willing to do business with the defendant." Dkt. 164 at 17. BooHoo does not provide a wide variety of everyday essentials, but rather is a specialty clothing retailer. The only distinction is that Defendant here sells virtual items rather than physical ones, which by itself does not reduce the value of the settlement. Even if the Court does not believe there is sufficient evidence to precisely measure the value of the in-game credits, the undisputed record here establishes that the fee request is reasonable in

Plaintiff's Response to Amicus Brief –
Case No. CV 22-05896-GW-AS

view of that overall benefit when both the in-game credits and injunctive relief are considered.

Counsel therefore respectfully submits that the $1.09 million in fees and 1.4 loadstar multiplier being requested are reasonable and fair. To the extent the Court reduces the fee award, Class Counsel respectfully submits that the record does not support a reduction of more than a 5-10% "haircut." Counsel further respectfully submits that the modest loadstar multiplier of 1.4 should be maintained in view of the risk taken, time committed, complexity of the issues involving novel areas of law, degree of skill needed to oppose Defendant's sophisticated counsel, outcome achieved and aggressive tactics and awards in similar cases. See *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Respectfully submitted,

Dated:  September 24, 2025          THE RYAN LAW GROUP

By:  /s/ Andrew T. Ryan
     Andrew T. Ryan

*Attorney for Plaintiffs*
*SARA OCHOA and KIMBERLY BROWN*

# Exhibit A

| Date | Description | Biller | Time |
|------|-------------|--------|------|
| 12/1/2026 | Communicate with potential client | AR | 0.2 |
| 12/6/2021 | Review Cash Tornado and Jackpot Master Slots gameplay and ads | AR | 2.2 |
| 12/6/2021 | Review terms of service and revisions | AR | 1.2 |
| 12/7/2021 | Research ZGG and revenues | AR | 3.3 |
| 12/7/2021 | Review gameplay and economy (ZGG) | AR | 1.8 |
| 12/8/2021 | Review ads in games | AR | 0.4 |
| 12/9/2021 | Review ads in games | AR | 0.5 |
| 12/10/2021 | Review ads in games | AR | 0.4 |
| 12/11/2021 | Review ads in games | AR | 0.4 |
| 12/12/2021 | Review ads in games | AR | 0.5 |
| 12/13/2021 | Review ads in games | AR | 0.3 |
| 12/14/2021 | Review ads in games | AR | 0.4 |
| 12/15/2021 | Review ads in games | AR | 0.5 |
| 12/16/2021 | Review ads in games | AR | 0.3 |
| 12/17/2021 | Review ads in games | AR | 0.4 |
| 12/18/2021 | Review ads in games | AR | 0.4 |
| 12/19/2021 | Review ads in games | AR | 0.4 |
| 12/20/2021 | Review ads in games | AR | 0.2 |
| 12/21/2021 | Review ads in games | AR | 0.4 |
| 12/22/2021 | Review ads in games | AR | 0.3 |
| 12/22/2021 | Review ZGG game reviews | AR | 0.4 |
| 12/23/2021 | Review ads in games | AR | 0.2 |
| 12/28/2021 | Research  ZGG litigation history and corporate sructure | AR | 1.8 |
| 12/28/2021 | Review AppLovin SEC filings | AR | 7.7 |
| 12/29/2021 | Review ads in games | AR | 0.6 |
| 12/30/2021 | Review ads in games | AR | 0.4 |
| 1/2/2022 | Review ads in games | AR | 0.5 |
| 1/3/2022 | Review ads in games | AR | 0.3 |
| 1/4/2022 | Review ads in games | AR | 0.5 |
| 1/5/2022 | Review ads in games | AR | 0.4 |
| 1/6/2022 | Review ads in games | AR | 0.5 |
| 1/7/2022 | Review ads in games | AR | 0.2 |
| 1/8/2022 | Review ads in games | AR | 0.4 |
| 1/9/2022 | Review ads in games | AR | 0.3 |
| 1/10/2022 | Review ads in games | AR | 0.5 |
| 1/11/2022 | Review ZGG game reviews | AR | 0.6 |
|  | Login to games to view ads | AR | 0.1 |
| 1/12/2022 | Review ads in games | AR | 0.3 |
| 1/13/2022 | Review ads in games | AR | 0.5 |
| 1/14/2022 | Review ads in games | AR | 0.4 |
| 1/15/2022 | Review ads in games | AR | 0.6 |
| 1/16/2022 | Review ads in games | AR | 0.3 |

| | | | |
|---|---|---|---|
| 1/17/2022 | Review ads in games | AR | 0.4 |
| 1/18/2022 | Review ads in games | AR | 0.5 |
| 1/19/2022 | Review ads in games | AR | 0.4 |
| 1/20/2022 | Review ads in games | AR | 0.4 |
| 1/21/2022 | Review ads in games | AR | 0.5 |
| 1/22/2022 | Review online complaints re ZGG/games | AR | 1.2 |
| | Login to games to view ads | | 0.3 |
| 1/23/2022 | Review ads in games | AR | 0.4 |
| 1/24/2022 | Review youtube videos re games | AR | 0.8 |
| | Login to games to view ads | | 0.2 |
| 1/25/2022 | Review ads in games | AR | 0.4 |
| 1/26/2022 | Review ads in games | AR | 0.5 |
| 1/27/2022 | Review ads in games | AR | 0.4 |
| 1/28/2022 | Review ads in games | AR | 0.4 |
| 1/29/2022 | Review ads in games | AR | 0.4 |
| 1/30/2022 | Review ads in games | AR | 0.5 |
| 1/31/2022 | Review ads in games | AR | 0.4 |
| 2/1/2022 | Review ads in games | AR | 0.3 |
| 2/2/2022 | Review ads in games | AR | 0.5 |
| 2/3/2022 | Review ads in games | AR | 0.5 |
| 2/4/2022 | Review ads in games | AR | 0.5 |
| 2/5/2022 | Review ads in games | AR | 0.2 |
| 2/6/2022 | Review ads in games | AR | 0.4 |
| | Review social media posts re games | AR | 2.1 |
| 2/8/2022 | Review ads in games | AR | 0.4 |
| 2/9/2022 | Review ads in games | AR | 0.3 |
| 2/10/2022 | Review ads in games | AR | 0.5 |
| 2/11/2022 | Review ads in games | AR | 0.4 |
| 2/12/2022 | Review ads in games | AR | 0.5 |
| 2/13/2022 | Review ads in games | AR | 0.5 |
| 2/14/2022 | Review ads in games | AR | 0.4 |
| 2/15/2022 | Review ads in games | AR | 0.4 |
| 2/16/2022 | Review ads in games | AR | 0.4 |
| 2/17/2022 | Review ads in games | AR | 0.5 |
| 2/18/2022 | Review ads in games | AR | 0.4 |
| 2/19/2022 | Review ads in games | AR | 0.4 |
| 2/20/2022 | Review ads in games | AR | 0.4 |
| 2/21/2022 | Review ads in games | AR | 0.4 |
| | Research games reviews in Apple/Google | AR | 1.6 |
| 2/23/2022 | Review ads in games | AR | 0.4 |
| 2/24/2022 | Review ads in games | AR | 0.4 |
| 2/25/2022 | Review ads in games | AR | 0.6 |
| 2/26/2022 | Review ads in games | AR | 0.4 |
| 2/27/2022 | Review ads in games | AR | 0.4 |

| Date | Description | | |
|---|---|---|---|
| 2/28/2022 | Review ads in games | AR | 0.4 |
| 3/1/2022 | Review ads in games | AR | 0.2 |
| 3/2/2022 | Review ads in games | AR | 0.4 |
| 3/3/2022 | Review ads in games | AR | 0.3 |
| 3/4/2022 | Review ads in games | AR | 0.2 |
| 3/5/2022 | Review ads in games | AR | 0.2 |
| 3/6/2022 | Review ads in games | AR | 0.2 |
| 3/7/2022 | Review ads in games | AR | 0.2 |
| 3/8/2022 | Review ads in games | AR | 0.2 |
| 3/9/2022 | Research FTC regulations and case law regarding fake sales | AR | 3.2 |
| | Research CA law regarding fake sales | AR | 3.6 |
| 3/11/2022 | Research other state law regarding fake sales | AR | 3.4 |
| 3/14/2022 | Research class certification issues re false discounts | AR | 4.2 |
| 3/15/2022 | Research class settlements in fake sale cases | AR | 4.7 |
| 3/16/2022 | Research class settlements in fake sale cases | AR | 3.5 |
| 3/21/2022 | Research videogame and loot box case law | AR | 3.4 |
| 3/22/2022 | Research videogame and loot box case law | AR | 2.7 |
| 3/23/2022 | Research Kater and progeny/related settlements | AR | 4.3 |
| 3/24/2022 | Research damages models for false discount cases | AR | 5.2 |
| 3/28/2022 | Review game ads | AR | 0.3 |
| 3/29/2022 | Review game ads | AR | 0.4 |
| 3/30/2022 | Review game ads | AR | 0.4 |
| 3/31/2022 | Review game ads | AR | 0.3 |
| 4/1/2022 | Review game ads | AR | 0.2 |
| 4/6/2022 | Review game ads | AR | 0.3 |
| 4/7/2022 | Review game ads | AR | 0.3 |
| 4/8/2022 | Review game ads | AR | 0.3 |
| 4/11/2022 | Review game ads | AR | 0.5 |
| 4/12/2022 | Review game ads | AR | 0.4 |
| 4/13/2022 | Review game ads | AR | 0.4 |
| 4/14/2022 | Review game ads | AR | 0.5 |
| 4/15/2022 | Review game ads | AR | 0.2 |
| 4/18/2022 | Review game ads | AR | 0.3 |
| 4/19/2022 | Review game ads | AR | 0.3 |
| 4/20/2022 | Communicate with potential class rep | AR | 1.6 |
| | Register domain and prepare informational website for class members | AR | 5.6 |
| 4/21/2022 | Research law regarding personal jurisdiction for mobile apps | AR | 5.6 |
| | Review and revise website | AR | 1 |
| | Review game ads | AR | 0.2 |
| 4/26/2022 | Communicate with potential class rep | AR | 1.2 |

| | | | |
|---|---|---|---|
| | Research law regarding personal jurisdiction for mobile | | |
| 4/27/2022 | apps | AR | 2 |
| | Review Google and Apple developer and publisher | | |
| | agreements | AR | 4.3 |
| 4/28/2022 | Communicate with potential class rep | AR | 0.6 |
| | Review documents provided by client | | 0.3 |
| | Research law regarding personal jurisdiction for mobile | | |
| 4/29/2022 | apps | AR | 3.9 |
| 4/30/2022 | Communicate with potential class rep | AR | 0.8 |
| 5/2/2022 | Draft complaint | AR | 5.9 |
| | Research pleading elements | AR | 1.5 |
| 5/3/2022 | Draft and revise complaint | AR | 6.1 |
| | Communicate with client | AR | 0.7 |
| 5/4/2022 | Draft and revise complaint | AR | 2.5 |
| | Research applicability of CLRA to mobile apps | AR | 5.2 |
| 5/5/2022 | Review/revise complaint | AR | 1.7 |
| | Prepare complaint for filing and file | AR | 0.5 |
| 5/5/2022 | Research ZGG agent for service | AR | 2.3 |
| | Draft summons | AR | 0.5 |
| | Draft cover sheet and LASC addendum | AR | 0.5 |
| | Communicate with state court filing service | AR | 0.2 |
| 5/6/2022 | Communicate with state court filing service | AR | 0.2 |
| 5/9/2022 | Communicate with client | AR | 0.2 |
| 5/13/2022 | Review conformed copies | AR | 0.2 |
| 5/17/2022 | Review ad dashboard | AR | 0.3 |
| 5/20/2022 | Communicate with potential class rep | AR | 0.4 |
| 5/26/2022 | Communicate with potential class rep | AR | 0.6 |
| 5/29/2022 | Communicate with potential class rep | AR | 0.8 |
| 6/1/2022 | Review game ads | AR | 0.4 |
| 6/2/2022 | Review ad dashboard | AR | 0.3 |
| 6/3/2022 | Review game ads | AR | 0.4 |
| 6/6/2022 | Review game ads | AR | 0.4 |
| 6/8/2022 | Communicate with potential class rep | AR | 0.6 |
| 6/9/2022 | Draft settlement letter to defendant | AR | 0.3 |
| 6/10/2022 | Review game ads | AR | 0.4 |
| 6/14/2022 | Review game ads | AR | 0.4 |
| 6/15/2022 | Communicate with potential class rep | AR | 0.4 |
| 6/16/2022 | Review class member intake | AR | 0.3 |
| 6/20/2022 | Review game ads | AR | 0.4 |
| 6/21/2022 | Draft amended complaint | AR | 4.8 |
| 6/22/2022 | Communicate with potential class rep | AR | 0.8 |
| 6/23/2022 | Review class member intake | AR | 0.3 |
| 6/24/2022 | Review game ads | AR | 0.4 |

| Date | Description | | Hours |
|---|---|---|---|
| 6/27/2022 | Research law regarding pleading national class vs state class | AR | 6.3 |
| 6/28/2022 | Review game ads | AR | 0.4 |
| 6/29/2022 | Communicate with client | AR | 0.7 |
| 6/30/2022 | Draft amended complaint | AR | 6.7 |
| 7/1/2022 | Review game ads | AR | 0.2 |
| 7/2/2022 | Review game ads | AR | 0.2 |
| 7/4/2022 | Review game ads | AR | 0.2 |
| 7/6/2022 | Review game ads | AR | 0.2 |
| 7/10/2022 | Review game ads | AR | 0.2 |
| 7/13/2022 | Review game ads | AR | 0.2 |
| 7/16/2022 | Review game ads | AR | 0.2 |
| 7/17/2022 | Review game ads | AR | 0.2 |
| | Research changes to terms of service and other terms on ZGG website | AR | 1.4 |
| 7/18/2022 | Draft and revise amended complaint | AR | 4.5 |
| | Prepare amended complaint for filing | AR | 0.5 |
| | Communicate with filing service | AR | 0.5 |
| 8/1/2022 | Review game ads | AR | 0.2 |
| 8/8/2022 | Review game ads | AR | 0.2 |
| 8/11/2022 | Review game ads | AR | 0.3 |
| 8/15/2022 | Review game ads | AR | 0.2 |
| 8/19/2022 | Draft CMC statement | | 1 |
| 8/20/2022 | Communicate with opposing counsel | AR | 0.5 |
| | Review stipulation to extend time to answer | AR | 0.4 |
| 8/22/2022 | Review ZGG removal papers | AR | 1 |
| | Communicate with opposing counsel | AR | 0.5 |
| 8/23/2022 | Revise stipulation re deadlines | AR | 0.3 |
| 8/26/2022 | Research law regarding remand | AR | 1.3 |
| 8/27/2022 | Research law regarding remand | AR | 2.6 |
| 8/28/2022 | Review game ads | AR | 0.4 |
| 8/29/2022 | Review game ads | AR | 0.4 |
| 8/30/2022 | Review order setting scheduling conference | AR | 0.8 |
| 8/31/2022 | Review game ads | AR | 0.4 |
| 9/7/2022 | Review game ads | AR | 0.2 |
| 9/14/2022 | Review game ads | AR | 0.2 |
| 9/19/2022 | Prepare/attend Rule 26(f) meeting of counsel | AR | 0.9 |
| | Review game ads | AR | 0.2 |
| 9/20/2022 | Review proposed stipulation re case schedule | AR | 0.3 |
| | Review game ads | AR | 0.2 |
| 9/21/2022 | Revise stipulation re deadlines | AR | 0.2 |
| | Review game ads | AR | 0.2 |
| 9/22/2022 | Review order on stipulation | AR | 0.1 |
| | Review game ads | AR | 0.2 |

| Date | Description | Initials | Hours |
|---|---|---|---|
| 9/26/2022 | Review game ads | AR | 0.2 |
| 9/27/2022 | Research AppLovin involvement/control over ZGG and ZGG acquisition | AR | 3.2 |
| | Review game ads | AR | 0.2 |
| 9/28/2022 | Research AppLovin involvement/control over ZGG and ZGG acquisition | AR | 3.9 |
| 9/29/2022 | Review game ads | AR | 0.2 |
| 10/4/2022 | Review game ads | AR | 0.4 |
| 10/11/2022 | Draft second amended complaint | AR | 4.6 |
| 10/12/2022 | Draft second amended complaint | AR | 4.6 |
| 10/13/2022 | Review and revise second amended complaint | JK | 4.9 |
| | Prepare SAC for filing | JK | 0.5 |
| 10/28/2022 | Review Rule 11 motion, case law and related correspondence | AR | 3.3 |
| | Draft letter in response to Rule 11 motion/letter | AR | 1.7 |
| | Review game ads | AR | 0.2 |
| 10/29/2022 | Review game ads | AR | 0.2 |
| 10/30/2022 | Review game ads | AR | 0.2 |
| 10/31/2022 | Revise letter in response to Rule 11 motion/letter | AR | 0.5 |
| 11/1/2022 | Review game ads | AR | 0.2 |
| 11/3/2022 | Review game ads | AR | 0.2 |
| 11/4/2022 | Review letter from opposing counsel re R11 | AR | 0.8 |
| 11/6/2022 | Review game ads | AR | 0.2 |
| 11/8/2022 | Review game ads and updated terms of service | AR | 1.8 |
| 11/9/2022 | Research law regarding updating terms of service during class action | AR | 6.8 |
| 11/10/2022 | Research law regarding updating terms of service during class action | AR | 5.5 |
| 11/11/2022 | Research law re enforceability of updated TOS | AR | 6.5 |
| 11/12/2022 | Review game ads | AR | 0.2 |
| 11/14/2022 | Draft response to letter re R11 | AR | 7.5 |
| | Begin drafting R11 opposition | AR | 1.1 |
| 11/15/2022 | Draft TRO regarding updated TOS | AR | 7.8 |
| 11/16/2022 | Draft TRO regarding updated TOS | AR | 8.2 |
| 11/17/2022 | Draft TRO regarding updated TOS | AR | 6.8 |
| 11/18/2022 | Review game ads | AR | 0.2 |
| 11/19/2022 | Review game ads | AR | 0.2 |
| 11/20/2022 | Review game ads | AR | 0.2 |
| 11/21/2022 | Review game ads | AR | 0.2 |
| 11/22/2022 | Review Rule 11 motion and motions to dismiss | AR | 3.5 |
| | Review cases cited in motion | AR | 4 |
| 11/23/2022 | Research and shepardize cases cited in defendants' motions | AR | 8.5 |
| | Draft letter re updated TOS | AR | 3.4 |

| | | | |
|---|---|---|---:|
| 11/24/2022 | Review game ads | AR | 0.2 |
| 11/28/2022 | Research case law regarding Rule 11 | AR | 7.8 |
| 11/29/2022 | Research case law regarding pleading standards and sufficiency of pleadings | AR | 8.2 |
| 11/30/2022 | Research law regarding allegations against parent corp | AR | 8.1 |
| 12/1/2022 | Draft opposition to ZGG MTD | AR | 12.2 |
| 12/2/2022 | Draft opposition to ZGG MTD | AR | 11.8 |
| 12/3/2022 | Draft opposition to AppLovin MTD | AR | 11.2 |
| 12/4/2022 | Revise opposition briefs | AR | 10.2 |
| 12/5/2022 | Revise opposition briefs | AR | 6 |
| | Draft declaration | AR | 4.5 |
| | Collect exhibits and prepare for filing | AR | 1 |
| | Review and revise oppositions to MTDs | JK | 2.7 |
| | Cite check brief | JK | 6.5 |
| | Create TOC and TOA and ensure compliance with local rules | JK | 3.5 |
| 12/6/2022 | Draft/revise opposition to R11 motion | AR | 7 |
| | Draft stipulation re enforcement of updated TOS | AR | 3.1 |
| 12/7/2022 | Draft/revise opposition to R11 motion | AR | 8.6 |
| 12/8/2022 | Draft/revise opposition to R11 motion | AR | 9.5 |
| 12/9/2022 | Draft/revise opposition to R11 motion | AR | 8.3 |
| | Communicate with client | AR | 1.5 |
| 12/11/2022 | Draft/revise opposition to R11 motion | AR | 6.5 |
| 12/12/2022 | Draft/revise opposition to R11 motion | AR | 7.8 |
| 12/13/2022 | Draft/revise opposition to R11 motion | AR | 8.1 |
| 12/14/2022 | Draft/revise opposition to R11 motion | AR | 7.7 |
| 12/15/2022 | Draft/revise opposition to R11 motion | AR | 7.9 |
| 12/16/2022 | Draft/revise opposition to R11 motion | AR | 8.3 |
| 12/18/2022 | Draft/revise opposition to R11 motion | AR | 8.4 |
| 12/19/2022 | Draft/revise opposition to R11 motion | AR | 7.6 |
| 12/20/2022 | Draft/revise opposition to R11 motion | AR | 8.5 |
| 12/21/2022 | Draft declaration and prepare exhibits re R11 motion | AR | 10.5 |
| 12/22/2022 | Revise opposition to R11 motion | AR | 7.3 |
| | Draft declaration and prepare exhibits | AR | 4.5 |
| | Prepare for filing | AR | 0.8 |
| | Review and revise opposition to R11 motion | JK | 4.3 |
| | Cite check brief | JK | 5.8 |
| | Prepare TOC and TOC | JK | 2.7 |
| 1/2/2023 | Review reply briefs in support of motions to dismiss and cited cases | AR | 8.3 |
| 1/3/2023 | Review game ads | AR | 0.3 |
| 1/5/2023 | Review game ads | AR | 0.4 |
| 1/6/2023 | Review reply brief re R11 motion | AR | 5.3 |
| 1/7/2023 | Communicate with client | AR | 0.5 |

| Date | Description | | Hours |
|------|-------------|---|-------|
| 1/8/2023 | Review game ads | AR | 0.4 |
| 1/9/2023 | Review/analyze potential costs of sanctions/R11 | AR | 5.8 |
| 1/10/2023 | Review stipulation to continue | AR | 0.5 |
| 1/11/2023 | Update ads re class reps | AR | 3.7 |
| 1/12/2023 | Research cases imposing R11 sanctions and potential exposure | AR | 8.8 |
| 1/13/2023 | Research privilege and work product waiver issues re pre-filing investigation | AR | 8.7 |
| 1/14/2023 | Review game ads | AR | 0.4 |
| 1/15/2023 | Review class member intake | AR | 0.4 |
| 1/16/2023 | Review sanctions/R11 issue with insurance/counsel | AR | 3.5 |
| 1/17/2023 | Communicate with potential class reps | AR | 0.5 |
| 1/18/2023 | Review game ads | AR | 0.4 |
| 1/19/2023 | Research privilege issues re pre-filing investigation | AR | 3.9 |
| 1/20/2023 | Review game ads | AR | 0.4 |
| 1/22/2023 | Review ads | AR | 0.4 |
| 1/23/2023 | Review game ads | AR | 0.4 |
| 1/25/2023 | Review game ads | AR | 0.4 |
| 1/26/2023 | Review ads dashboard | AR | 0.3 |
| 1/27/2023 | Communicate with potential class reps | AR | 0.7 |
| 1/28/2023 | Collect notes re pre-filing investigation in preparation for hearing | AR | 7.4 |
| 1/29/2023 | Review briefs and case law to prepare for hearing on MTDs and R11 motion | AR | 7.8 |
| 1/30/2023 | Review briefs and case law to prepare for hearing on MTDs and R11 motion | AR | 3 |
| | Draft potential demonstratives for hearing illustrating first purchase offer operation | AR | 5.4 |
| 1/31/2023 | Revise and draft potential demonstratives for hearing illustrating operation of super sale offer expiration and restarting | AR | 6 |
| | Draft argument notes | AR | 2.5 |
| 2/1/2023 | Review tentative re MTDs and R11 Motion | AR | 2.5 |
| 2/2/2023 | Attend hearing | AR | 4.5 |
| 2/6/2023 | Communicate with potential class reps | AR | 0.8 |
| 2/7/2023 | Research Arkansas gambling law | AR | 8.2 |
| 2/8/2023 | Research Arkansas consumer protection law | AR | 7.8 |
| 2/9/2023 | Research Arkansas consumer protection law | AR | 5 |
| | Draft amended complaint | AR | 3.3 |
| 2/10/2023 | Research Arkansas consumer protection law | AR | 6.2 |
| | Draft amended complaint | AR | 2.2 |
| 2/13/2023 | Communicate with potential class reps | AR | 0.6 |
| 2/15/2023 | Draft amended complaint | AR | 8.6 |
| 2/16/2023 | Draft amended complaint | AR | 8.5 |

| Date | Description | Initials | Hours |
|---|---|---|---|
| 2/17/2023 | Draft and revise amended complaint | AR | 8.2 |
| 2/24/2023 | Communicate/review re stipulation re briefing schedule | AR | 0.5 |
| 2/27/2023 | Review order re stipulation | AR | 0.2 |
| 3/17/2023 | Review MTD 3AC | AR | 3.3 |
| 3/20/2023 | Review MTD 3AC | AR | 3.1 |
| 3/21/2023 | Review cases cited in MTD | AR | 5.3 |
| 3/22/2023 | Research case law in response to MTD | AR | 7.5 |
| 3/23/2023 | Research case law in response to MTD | AR | 7.6 |
| 3/24/2023 | Research case law in response to MTD | AR | 7.3 |
| 3/27/2023 | Draft oppositoin to MTD 3AC | AR | 6.4 |
| 3/28/2023 | Draft oppositoin to MTD 3AC | AR | 7.2 |
| 3/29/2023 | Draft oppositoin to MTD 3AC | AR | 8.1 |
| 3/30/2023 | Draft oppositoin to MTD 3AC | AR | 6.6 |
| 3/31/2023 | Draft oppositoin to MTD 3AC | AR | 6.5 |
| 4/3/2023 | Revise opposition to MTD 3AC | AR | 8.3 |
| 4/4/2023 | Revise opposition to MTD 3AC | AR | 9.4 |
| 4/5/2023 | Revise opposition to MTD 3AC | AR | 4.3 |
| | Cite check brief | AR | 5.5 |
| 4/6/2023 | Revise opposition to MTD 3AC | AR | 6.4 |
| | Insert TOC and TOA | AR | 2.6 |
| | Prepare brief for filing and file | AR | 1.1 |
| 5/5/2023 | Review reply re MTD and keycite cases cited | AR | 3.6 |
| 5/15/2023 | Review/revise 26(f) report | AR | 1.8 |
| | Review docket | AR | 0.3 |
| 5/16/2023 | Review/file 26(f) report | AR | 1.5 |
| 5/17/2023 | Review briefs and read key cases in preparation for hearing | AR | 4 |
| | Review tentative ruling and draft notes on key points | AR | 2.5 |
| 5/18/2023 | Attend hearing | AR | 4.7 |
| 5/19/2023 | Research/draft supplemental brief re MTD | AR | 8.9 |
| 5/22/2023 | Draft/revise supplemental brief re MTD | AR | 6.6 |
| 5/23/2023 | Review D's supplemental brief re MTD | AR | 2.1 |
| 5/24/2023 | Attend hearing | AR | 1.5 |
| 5/25/2023 | Draft first set of RFPs and Interrogatories | AR | 2.1 |
| | Draft interrogatories | | 1.8 |
| | Draft RFAs | | 2.8 |
| 6/5/2023 | Draft amended complaint | AR | 7.5 |
| 6/6/2023 | Revise amended complaint | AR | 7.5 |
| | Prepare amended complaint for filing and file | AR | 1 |
| | Review amended complaint | JK | 3.5 |
| 6/14/2023 | Draft oppostition to ex parte application | AR | 3 |
| | Review/revise ex parte opposition | JK | 3.4 |
| 6/28/2023 | Review discovery responses | AR | 2.1 |

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| | Draft letter regarding deficiencies in discovery responses | AR | 3.5 |
| 7/7/2023 | Review D's MTD 4AC | AR | 4.5 |
| | Meet and confer re discovery | AR | 0.7 |
| 7/8/2023 | Review cases cited in MTD | AR | 5.1 |
| 7/10/2023 | Draft/revise opposition to MTD | AR | 6.9 |
| | Communicate with opposing counsel re discovery | AR | 1.6 |
| 7/11/2023 | Draft/revise opposition to MTD | AR | 8.8 |
| 7/12/2023 | Draft motion to compel discovery responses | AR | 8.2 |
| 7/13/2023 | Draft motion to compel discovery responses | AR | 7.9 |
| | Communicate with opposing counsel re PO | AR | 0.5 |
| 7/14/2023 | Review/revise stipulation to continue hearing date | AR | 0.5 |
| | Draft/revise opposition to MTD | AR | 8 |
| 7/16/2023 | Research case law regarding discovery of class contact info | AR | 4.9 |
| 7/17/2023 | Revise opposition to MTD | JK | 9.4 |
| | Meet and confer re discovery | AR | 1 |
| | Review and revise protective order | AR | 2.5 |
| 7/18/2023 | Draft email to opposing counsel re discovery | AR | 1.5 |
| 7/24/2023 | Communicate with client | AR | 0.5 |
| 7/25/2023 | Prepare outline of questions for depo prep | AR | 8.5 |
| 7/27/2023 | Draft deposition notices | AR | 2.5 |
| | Depo prep | AR | 4.5 |
| 7/28/2023 | Attend deposition of S. Ochoa | AR | 6.2 |
| 7/31/2023 | Revise motion to compel discovery | AR | 8.4 |
| 8/2/2023 | Revise motion to compel discovery | AR | 8.7 |
| 8/3/2023 | Draft email to opposing counsel re discovery | AR | 1.6 |
| | Review letter from opposing counsel | AR | 0.8 |
| | Review sales data produced by D | AR | 0.8 |
| | Communicate with opposing counsel | AR | 0.3 |
| 8/4/2023 | Revise motion to compel discovery | AR | 3.4 |
| | Draft declaration and prepare exhibits re MTC | AR | 4 |
| 8/5/2023 | Review letter from opposing counsel | AR | 0.2 |
| 8/7/2023 | Draft letter to opposing counsel re CLRA notice | AR | 1.7 |
| | Review letter from opposing counsel | AR | 0.8 |
| 8/8/2023 | Draft letter to opposing counsel re CLRA notice | AR | 1.6 |
| | Draft letter re amendment of pleadings | AR | 1.2 |
| | Review deposition transcript | AR | 8.5 |
| 8/9/2023 | Review discovery requests from Defendant | AR | 3.6 |
| 8/10/2023 | Review stipulation to stay | AR | 1.2 |
| 8/13/2023 | Research potential mediators proposed by Defendant | AR | 2.1 |
| | Communicate with other plaintiffs counsel regarding experienced mediators with relevant experience | AR | 3.4 |
| 8/25/2023 | Communicate with mediator | AR | 0.5 |

| Date | Description | | Hours |
|---|---|---|---|
| 8/30/2023 | Communicate with mediator | AR | 0.5 |
| 9/26/2023 | Communicate with mediator | AR | 0.5 |
| 10/2/2023 | Draft mediation brief | AR | 4.9 |
| 10/3/2023 | Revise mediation brief | AR | 6.6 |
| 10/5/2023 | Call with mediator | AR | 1 |
| 10/9/2023 | Prepare for mediation | AR | 3.2 |
| | Communicate with client | AR | 0.5 |
| 10/10/2023 | Attend mediation | AR | 8.5 |
| 11/3/2023 | Review joint stipulation | | 0.3 |
| 11/13/2023 | Draft mediation brief | AR | 4.1 |
| 11/14/2023 | Attend mediation | AR | 4.2 |
| 12/7/2023 | Review and revise settlement agreement | | 3.9 |
| 12/8/2023 | Review and revise settlement agreement | AR | 3.9 |
| 1/2/2024 | Review settlement agreement | AR | 4 |
| 1/11/2024 | Review status report | AR | 0.5 |
| 2/14/2024 | Communicate with clients | AR | 1.7 |
| | Communicate with clients | AR | 1.8 |
| | Collect client signatures | AR | 0.7 |
| 3/4/2024 | Draft motion for preliminary approval of class settlement | AR | 8 |
| 3/5/2024 | Draft motion for preliminary approval of class settlement | AR | 8.1 |
| 3/6/2024 | Draft motion for preliminary approval of class settlement | AR | 8.4 |
| 3/7/2024 | Draft motion for preliminary approval of class settlement | AR | 8 |
| 3/12/2024 | Review status report | AR | 0.1 |
| 3/27/2024 | Communicate with damages expert | AR | 1 |
| 4/22/2024 | Draft/revise motion for preliminary approval and supporting docs | AR | 7.1 |
| 4/23/2024 | Draft/revise motion for preliminary approval and supporting docs | AR | 7.6 |
| 4/24/2024 | Draft/revise motion for preliminary approval and supporting docs | AR | 7.4 |
| 4/25/2024 | Draft stipulation to exceed page limit | AR | 0.9 |
| 4/26/2024 | Revise motion for preliminary approval | AR | 5 |
| | Revise declaration in support of motion for preliminary approval | AR | 1.4 |
| | Collect supporting declaration | AR | 1.2 |
| | Prepare documents for filing and file | AR | 1.5 |
| 5/27/2024 | Review case law re preliminary approval in preparation for hearing | AR | 4.7 |
| 5/28/2024 | Review preliminary approval papers in preparation for hearing | AR | 5.3 |

Review tentative re preliminary approval and draft notes

| Date | Description | | Hours |
|---|---|---|---|
| 5/29/2024 | in response in preparation for hearing | AR | 4 |
| 5/30/2024 | Attend hearing re preliminary approval | AR | 4.5 |
| 6/1/2024 | Research Alabama gambling laws | AR | 2 |
| 6/2/2024 | Research Alaska gambling laws | AR | 1.7 |
| 6/3/2024 | Research Arizona gambling laws | AR | 2.1 |
| 6/4/2024 | Research Colorado gambling laws | AR | 1.8 |
| 6/5/2024 | Research Connecticut gambling laws | AR | 1.9 |
| 6/6/2024 | Research Delaware gambling laws | AR | 1.4 |
| 6/7/2024 | Research Florida gambling laws | AR | 2.5 |
| 6/10/2024 | Research Idaho gambling laws | AR | 1.8 |
| 6/11/2024 | Research Indiana gambling laws | AR | 1.6 |
| 6/12/2024 | Research Iowa gambling laws | AR | 1.7 |
| 6/13/2024 | Research Kansas gambling laws | AR | 1.6 |
| 6/14/2024 | Research Kentucky gambling laws | AR | 2.4 |
| 6/17/2024 | Research Maryland gambling laws | AR | 2.1 |
| 6/18/2024 | Research Massachusettes gambling laws | AR | 2.3 |
| 6/19/2024 | Research Michigan gambling laws | AR | 2.1 |
| 6/20/2024 | Research Minnesota gambling laws | AR | 2.2 |
| 6/21/2024 | Research Mississippi gambling laws | AR | 2.1 |
| 6/24/2024 | Research Nebraska gambling laws | AR | 2 |
| 6/25/2024 | Research Nevada gambling laws | AR | 2.1 |
| 6/26/2024 | Research New Hampshire gambling laws | AR | 1.8 |
| 6/27/2024 | Research New Jersey gambling laws | AR | 2.2 |
| 6/28/2024 | Research New Mexico gambling laws | AR | 1.9 |
| 7/1/2024 | Research N Dakota gambling laws | AR | 2 |
| 7/2/2024 | Research Ohio gambling laws | AR | 2 |
| 7/3/2024 | Research Oklahoma gambling laws | AR | 2 |
| 7/8/2024 | Research South Dakota gambling laws | AR | 1.4 |
| 7/9/2024 | Research Tennesse gambling laws | AR | 1.8 |
| 7/10/2024 | Research Texas gambling laws | AR | 1.4 |
| 7/11/2024 | Research Utah gambling laws | AR | 1.6 |
| 7/12/2024 | Research Vermont gambling laws | AR | 1.7 |
| 7/13/2024 | Research Pennsylvania gambling laws | AR | 1.6 |
| 7/14/2024 | Research Rhode Islang gambling laws | AR | 1.7 |
| 7/15/2024 | Research Wisconsin gambling laws | AR | 1.9 |
| 7/16/2024 | Research Wyonming gambling laws | AR | 2 |
| 7/18/2024 | Research Georgia gambling laws | AR | 2 |
| 7/19/2024 | Research Hawaii gambling laws | AR | 1.3 |
| 7/22/2024 | Research Missouri gambling laws | AR | 1.5 |
| 7/23/2024 | Research Montana gambling laws | AR | 2.5 |
| 7/24/2024 | Research New York gambling laws | AR | 1.7 |
| 7/25/2024 | Research North Carolina gambling laws | AR | 2 |
| 7/26/2024 | Research Oregon gambling laws | AR | 2.3 |

| Date | Description | Initials | Hours |
|---|---|---|---|
| 7/27/2024 | Research Louisiana gambling laws | AR | 2 |
| 7/28/2024 | Research Main gambling laws | AR | 1.5 |
| 7/29/2024 | Research South Carolina gambling laws | AR | 1.8 |
| 7/30/2024 | Research Virginia gambling laws | AR | 2 |
| 7/31/2024 | Research West Virginia gambling laws | AR | 1.6 |
| 8/2/2024 | Review supplemental brief by ZGG | AR | 2.5 |
| 8/5/2024 | Draft response to supplemental brief | AR | 8.3 |
| 8/7/2024 | Draft response to supplemental brief | AR | 8.2 |
| 8/8/2024 | Draft/review response to supplemental brief | AR | 8.6 |
| 8/19/2024 | Review joint stipulation to continue hearing | AR | 0.5 |
| 8/21/2024 | Review order continuing hearing | AR | 0.1 |
| 9/14/2024 | Review preliminary approval filings and settlement in preparation for hearing | AR | 2.2 |
| | Review tentative and prepare notes | AR | 1.4 |
| 9/16/2024 | Attend hearing re preliminary approval | AR | 4.8 |
| 10/1/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/2/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/3/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/4/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/5/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/6/2024 | Review/test changes made to ZGG games | AR | 0.9 |
| 10/7/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/8/2024 | Review/test changes made to ZGG games | AR | 1.2 |
| 10/9/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/10/2024 | Review/test changes made to ZGG games | AR | 1.1 |
| 10/11/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/12/2024 | Review/test changes made to ZGG games | AR | 0.9 |
| 10/13/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/14/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/15/2024 | Review/test changes made to ZGG games | AR | 0.9 |
| 10/16/2024 | Review/test changes made to ZGG games | AR | 0.8 |
| 10/17/2024 | Review/test changes made to ZGG games | AR | 0.9 |
| 10/18/2024 | Review tutorial submission and draft email to opposing counsel re tutorial | AR | 4.4 |
| 10/30/2024 | Review preliminary approval filings and court's prior tenative in preparation for hearing | AR | 2.6 |
| | Review court's tentative and prepare notes | AR | 1.5 |
| 10/31/2024 | Attend hearing re preliminary approval | AR | 4.5 |
| 11/1/2024 | Review preliminary approval order | AR | 0.9 |
| 11/12/2024 | Draft subpoenas to Apple and Google | AR | 3.8 |
| | Communicate with vendor for service of subpoenas | AR | 0.7 |
| 11/19/2024 | Review/revise joint status report | AR | 0.4 |
| 12/16/2024 | Review/revise renewed motion for preliminary approval and supporting docs | AR | 9.2 |

| | | | |
|---|---|---|---|
| | Review/revise renewed motion for preliminary approval | | |
| 12/17/2024 | and supporting docs | AR | 9.4 |
| 12/18/2024 | Review/revise renewed motion for preliminary approval | AR | 3.7 |
| | Communicate with opposing counsel | AR | 0.5 |
| | Review prior correspondence regarding revenue disclosures | AR | 6.4 |
| | Draft ex parte application re vacating preliminary approval | | |
| 12/19/2024 | deadlines | AR | 11.9 |
| | Communicate with opposing counsel re ex parte | AR | 0.5 |
| 12/20/2024 | Review response to ex parte application | AR | 3.6 |
| | Draft notes in preparation for hearing | AR | 1.5 |
| 12/26/2024 | Review court order re ex parte | AR | 0.7 |
| 1/13/2025 | Review/revise status report | AR | 0.5 |
| 1/15/2025 | Prepare for status conference/hearing | AR | 2.3 |
| 1/16/2025 | Attend status conference | AR | 3.2 |
| | Communicate with opposing counsel re | | |
| 1/17/2025 | mediation/revenue data | AR | 0.1 |
| | Communicate with opposing counsel re | | |
| 1/20/2025 | mediation/revenue data | AR | 0.3 |
| | Communicate with opposing counsel re | | |
| 1/21/2025 | mediation/revenue data | AR | 0.3 |
| | Communicate with opposing counsel re | | |
| 1/22/2025 | mediation/revenue data | AR | 0.3 |
| | Communicate with opposing counsel re | | |
| 1/23/2025 | mediation/revenue data | AR | 0.2 |
| | Communicate with opposing counsel re | | |
| 1/24/2025 | mediation/revenue data | AR | 0.2 |
| 2/16/2025 | Draft mediation brief | AR | 4.7 |
| 2/17/2025 | Draft mediation brief | AR | 4.5 |
| 2/26/2025 | Attend mediation | AR | 7.8 |
| 2/28/2025 | Review/revise stipulation to vacate status conference | AR | 0.3 |
| 3/6/2025 | Review and revise settlement agreement | AR | 3.8 |
| 3/7/2025 | Review and revise settlement agreement | AR | 6.7 |
| 4/1/2025 | Draft/revise renewed motion for preliminary approval | AR | 6.5 |
| 4/2/2025 | Draft/revise renewed motion for preliminary approval | AR | 6.2 |
| 4/3/2025 | Draft/revise renewed motion for preliminary approval | AR | 7.8 |
| 4/7/2025 | Draft redline of amended settlement agreement | AR | 1.4 |
| | Review preliminary approval filings in preparation for | | |
| 4/16/2025 | hearing | AR | 1.9 |
| | Review tentative re preliminary approval | AR | 0.8 |
| 4/17/2025 | Attend hearing re preliminary approval | AR | 4.2 |
| 4/21/2025 | Draft proposed order granting preliminary approval | AR | 2.4 |
| 4/24/2025 | Emails with administrator re class notices | AR | 0.8 |
| 5/8/2025 | Emails with administrator re class notices | AR | 0.4 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 5/16/2025 | Emails with administrator re class notices | AR | 0.3 |
| 5/17/2025 | Review in-game notices | AR | 0.8 |
| | Review class settlement website | AR | 1 |
| | Review publication notices | AR | 0.5 |
| 5/29/2025 | Emails with administrator re class notices | AR | 0.3 |
| 6/3/2025 | Emails with administrator re class notices | AR | 0.3 |
| 6/4/2025 | Emails with administrator re class notices | AR | 0.3 |
| 6/5/2025 | Emails with administrator re class notices | AR | 0.3 |
| 6/6/2025 | Emails with administrator re class notices | AR | 0.3 |
| 7/23/2025 | Emails with administrator re class notices | AR | 0.5 |
| 7/30/2025 | Draft motion for final approval | AR | 6.3 |
| 7/31/2025 | Draft motion for final approval | AR | 6.2 |
| 8/4/2025 | Draft motion for final approval | AR | 6.4 |
| 8/5/2025 | Draft motion for final approval | AR | 7.3 |
| 8/18/2025 | Draft motion for final approval | AR | 8.4 |
| 8/19/2025 | Draft stipulation to exceed page limit | AR | 0.5 |
| 8/22/2025 | Revise motion for final approval | AR | 5.4 |
| | Draft declaration and collect exhibits | AR | 3.5 |
| 8/26/2025 | Review motion to file amicus brief | AR | 1.2 |
| 9/2/2025 | Draft response to amicus brief | AR | 4.8 |
| 9/3/2025 | Draft response to amicus brief | AR | 3.2 |
| 9/5/2025 | Review response to amicus brief filed by ZGG | AR | 1.6 |
| 9/11/2025 | Review response to motion for attorneys fees | AR | 0.8 |
| 9/12/2025 | Review response by WA AG | AR | 1.1 |
| 9/15/2025 | Draft reply re attorneys fees motion | AR | 1.7 |
| 9/16/2025 | Review supplemental declaration of administrator | AR | 0.8 |
| | Review tentative re final approval | AR | 0.9 |
| 9/18/2025 | Attend final approval hearing | AR | 3.9 |
| 9/18/2025 | Prepare proposed order on final approval | AR | 0.5 |
| 9/19/2025 | Draft response re Court's question on proposed order | AR | 0.7 |
| 9/19/2025 | Communicate with opposing counsel re draft response | AR | 0.3 |
| 9/19/2025 | Draft supplemental brief re attorneys' fees | AR | 3.5 |
| 9/23/2025 | Draft supplemental brief re attorneys' fees | AR | 2.7 |

|  | Total (AR) | 1456 | $ 1,074,159.00 |
|--|------------|------|----------------|
|  | Total (JK) | 47.2 | $   23,600.00  |