UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 22-5896-GW-ASx | Date | September 26, 2025 |
| Title | *Sara Ochoa v. Zeroo Gravity Games LLC* | | |

| | |
|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - SUPPLEMENTAL RULING RE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS [148]

    Attached hereto is the Court's Supplemental Ruling on Plaintiffs' Motion [148]. Counsel shall advise the Court (within the next three business days) if a further hearing on attorney fees is requested. If a hearing is requested, the party making that request shall file an opening brief of not more than five pages by October 9, 2025; any opposition brief of not more than five pages shall be filed by October 16; there will be no reply brief but the hearing will be on October 20, 2025 at 8:30 a.m. If no further hearing is requested, Plaintiffs' counsel shall file a revised proposed order regarding attorney fees with the Court in accordance with the above rulings by October 10. Alongside any proposed order, Plaintiffs' counsel shall provide a document indicating the final calculation of attorney fees.

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

<u>*Sara Ochoa v. Zeroo Gravity Games LLC*</u>; 2:22-cv-05896-GW-(ASx)
Supplemental Ruling re: Motion for Attorney Fees and Costs

Plaintiffs filed a Motion for Attorneys' Fees, Costs and Service Awards along with their Motion for Final Approval of Class Settlement. *See* Motion, Docket No. 148-1. The Court reserved judgment on an attorney fee award in the absence of further information from which the Court could calculate a lodestar. *See generally* Docket Nos. 164, 166. The Court subsequently issued an order requesting specific supplemental information and calculations from Plaintiffs. *See* Docket No. 169. The Court has received Plaintiffs' Supplement, *see* Supplement ("Supp."), Docket No. 175, and Defendant's Reply, Docket No. 176. The Court would **GRANT** the Motion for attorney fees with fees reduced as detailed below.

I.  **Lodestar Calculation**

   A. **Review of Games**

The Court previously found that Plaintiffs' lead counsel Andrew Ryan's approximately 150 time entries dedicated to reviewing Defendants' games was potentially excessive. *See* Docket No. 169 at 1. The Court requested "further detail and justification for the amount of time devoted to this review and an explanation as to why the efforts of Mr. Ryan, the senior attorney on this case, were required," as well as "a total estimate of the amount of time spent just on this task." Plaintiffs' counsel has explained that "consistent monitoring" was needed and advancement to higher levels to assess pricing and advertising changes made upon game progression. *See* Supp. at 1-2. Moreover, Plaintiffs' counsel needed to exhaust the virtual coins "to observe how long coins last in the games and the presentations and mechanics when coins are depleted in different slot games." *Id*. at 2. Overall, Plaintiffs' counsel asserts that "less than 75 hours" or "approximately 5%" of counsel's total hours were devoted to this task. *Id*. at 1.

The Court finds that 10 hours dedicated to this task to be reasonable for an attorney of Mr. Ryan's skill and experience at the rate the Court has previously approved. However, the remainder of that time (per Plaintiffs' counsel, approximately 65 hours), while perhaps necessary for the case, could have been delegated to a paralegal and therefore a lower rate shall be applied. Plaintiffs' counsel proposes a rate of $350 but provides no support for this figure as a reasonable paralegal rate. *See* Supp. at 4. The Court has previously indicated that it looks to the Real Rate Report to evaluate the reasonableness of rates. *See* Docket No. 164 at 18; Wolters Kluwer/CEB, *2024 Real*

1

*Rate Report*. The Real Rate Report indicates that the median rate for paralegals in consumer-related litigation was $195 in 2024, *see* Real Rate Report at 43, however, the Court has previously observed that "Los Angeles rates run higher than the national average." *See* Docket No. 164 at 18 n.20. Therefore, the Court finds $250 to be an appropriate rate for paralegal work.

Accordingly, for all time entries ascribed to reviewing in-game advertisements, Mr. Ryan shall be awarded 10 hours at his previously awarded rate of $738 and all remaining time at $250. The Court notes that there are likely additional entries that now fall into this category than the Court's previous estimation now that Mr. Ryan has broken down previously block-billed entries.[1]

### B.  Allocation with *Ballew*

The Court additionally asked for clarification as to how Plaintiffs' counsel allocated time between this case and *Ballew v. Huuuge, Inc.*, Case No. 23-cv-04324-GW-(AGR). *See* Docket No. 164 at 19 n.22; Docket No. 169 at 1-2. Plaintiffs' counsel has explained that time was allocated equally and how those research hours were spent. *See* Supp. at 4. The Court is presently satisfied that there was no duplicative work or double billing between *Ballew* and this case.[2]

### C.  Time Spent on Motions

The Court observed a substantial number of hours were dedicated to drafting or opposing motions, specifically opposing Defendant's Rule 11 motion, opposing Defendant's motion to dismiss, moving to compel discovery, and moving for preliminary settlement approval, and requested an explanation for why these tasks took so long. *See* Docket No. 169 at 2. Plaintiffs' counsel has provided additional detail of how those hours were spent. However, some of the time expenditures still stand out to the Court, including 8-10 hours spent on cite-checking and proofing, an additional 2-3 hours spent on formatting, and a further 8-10 hours ambiguously spent on "[f]inalization [and] [f]iling [p]reparation" with respect to opposing the Rule 11 motion. *See* Supp. at 6. The revised time entries indicate 15 hours spent on drafting a declaration and preparing exhibits related to this opposition and .8 to "prepare for filing." *Id.* Preparing exhibits, formatting, and filing preparation are tasks that can be accomplished by paralegals. Therefore, the Court finds that 10 hours billed by Mr. Ryan regarding the Rule 11 motion will be awarded at the $250/hour paralegal rate.

---

[1] The Court also presumes entries marked "login to games to view ads" fall into this category.

[2] Defendant has indicated that it views this research to "appear excessive," but has not offered further substantiation. *See* Reply at 1. Absent further explanation, the Court does not find the research amount unsupported.

The Court further observes several other time entries that fall into this category and likewise awards them at the $250/hour paralegal rate: .5 hours to "[p]repare complaint for filing and file"[3] on 5/5/2022; .5 hours to "[p]repare amended complaint for filing" on 7/18/2022; .5 hours to "[p]repare SAC for filing" on 10/13/2022; "[c]ollect exhibits and prepare for filing" for 1 hour on 12/5/2022; 7.4 hours to "[c]ollect notes re pre-filing investigation in preparation for hearing" on 1/27/2023; 1.1 hours to "[p]repare brief for filing and file" on 4/6/2023; "[p]repare amended complaint for filing and file" for 1 hour on 6/6/2023; and "[p]repare documents for filing and file" for 1.5 hours on 4/26/2024. *See* Supp., Ex. A.

### D. Clerical Tasks

The Court observes a substantial amount of time dedicated to generating tables of contents and authorities on various filings: 6.5 hours on 12/5/2022 (as well as "ensur[ing] compliance with local rules"); 2.7 hours on 12/22/2022; and 2.6 hours on 4/6/2023. *See* Supp., Ex. A. "No reasonable client would pay attorneys' fees (let alone for 1.5 hours) for drafting a table of contents, a task that can be completed in minutes through relatively mundane word processing commands. This is a clerical task at best." *Cappuccio v. Pepperdine Univ.*, No. 13-cv-3125-DSF-(AJWx), 2014 WL 12573366, at *5 (C.D. Cal. Sept. 17, 2014). Accordingly, the Court reduces the 12/5/2022 entry to .5 hours and deducts the other entries in their entirety.

The Court further identifies some communications that appear to be filing[4] or "service-related tasks" that "are not recoverable." *Blood v. Mercedez-Benz, USA, LLC*, No. 23-cv-1463-WQH-(AHGx), 2024 WL 4875265, at *8 (S.D. Cal. Nov. 22, 2024). These include two separate entries of .2 hours to "[c]ommunicate with state court filing service" on 5/5/2022 and 5/6/2022; "[c]ommunicate with filing service" for .5 hours on 7/18/2022; and .7 hours dedicated to "[c]ommunicate with vendor for service of subpoenas" on 11/12/2024. *See* Supp., Ex. A. The Court deducts these entries.

### E. Block-Billing

The Court asked Plaintiffs' counsel to provide further detail regarding block-billed time entries. *See* Docket No. 169 at 2. Plaintiffs' counsel addressed this issue by breaking down block-billed time entries into discrete tasks. *See* Supp., Ex. A. The Court has already deducted time

---

[3] The Court notes that "the filing of motions is clerical, for which no fees may be awarded." *Dusty S. v. Kijakazi*, No. 4:20-cv-05165-MKD, 2021 WL 9763052, at *2 (E.D. Wash. Sept. 23, 2021).

[4] *See supra* note 3.

and/or reduced the rate for those entries that it has found unreasonable and finds no need to reduce any further based upon block-billing.

## II.   Multiplier

Plaintiffs request a 1.4 multiplier of the lodestar (although with the Court's reductions and deductions, the requested multiplier would increase assuming Plaintiffs' counsel's requested fee amount remains the same).  *See* Motion at 9; Supp. at 10.  Plaintiffs' counsel assert that a multiplier is justified because counsel "achieved excellent results for the Class," faced risks of class certification and the unsettled nature of illegal gambling laws as applied to mobile casino app games, brought expertise to the case, took the case on contingency, and are requesting less fees than those awarded in similar cases.  *See* Motion at 17-23.

"Though the lodestar figure is presumptively reasonable, the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011) (citations and internal quotation marks omitted). "Foremost among these considerations, however, is the benefit obtained for the class."  *Id*.

The Court does not find that the benefit to the class supports either an upward or downward departure from the lodestar.  Plaintiffs argue that the injunctive relief they have achieved through the settlement "exceeds" the changes made in other mobile casino app cases and that no class members have objected to the settlement.  *See* Motion at 18.  The Court agrees with Plaintiffs that the "result is a positive one," and that class members "will be given something of value" even though they "will not receive direct monetary compensation."  *In re Toys R Us-Delaware, Inc.-- Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 467 (C.D. Cal. 2014). However, given the Court's detailed findings regarding the difficulty determining the value of the relief to various members of the class, *see* Docket No. 164 at 13 n.13, 15-17, the Court does not find that the settlement is so exceptional as to merit an upward adjustment.

"Risk is a relevant circumstance" in determining attorney fees, as is complexity.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002).  However, the Court does not find that this case was as "extremely risky" as the trial court found in *Vizcaino*, where counsel pursued a case "in the absence of supporting precedents, in the face of agreements signed by the class members forsaking benefits," and after plaintiffs had twice lost in the district court but successfully

4

revived their case on appeal. *Id*. Moreover, while true that the application of the illegal gambling laws of various states to mobile games is unsettled, *see* Motion at 20, the parties were not utterly without prior case law on such issues and indeed benefitted from some of those cases in achieving final approval of the settlement. *See* Docket No. 164 at 9-11. However, counsel did face novel questions that went beyond the current case law. Additionally, some "courts have refused to certify some putative class actions involving fake discounts." *See* Motion at 19 (collecting cases). Plaintiffs' counsel also took this case on contingency. *Id*. at 22; *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 265 (N.D. Cal. 2015) (considering contingent fee arrangement in determining lodestar multiplier). These risks support a slight upward adjustment.

Next, Plaintiffs' counsel asserts that the quality of representation displayed by both them and their opponent support an upward adjustment. *See* Motion at 20-21. The Court agrees that counsel on both sides have exhibited skill and quality in their work on this case. However, the Court has already considered the experience of counsel and quality of representation in determining a reasonable rate and declines to further find this factor supports a multiplier. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000) ("Quality of representation is generally considered at the lodestar stage in determining what is a reasonable hourly rate. To factor quality of representation also into the multiplier risks double counting." (citations omitted)).

In recognition of the aforementioned risks, the Court finds a multiplier of 1.1 appropriate here. *See Bellinghausen*, 306 F.R.D. at 265 ("Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases." (internal quotation marks omitted)).

### III. Conclusion

Counsel shall advise the Court (within the next three business days) if a further hearing on attorney fees is requested. If a hearing is requested, the party making that request shall file an opening brief of not more than five pages by October 9, 2025; any opposition brief of not more than five pages shall be filed by October 16; there will be no reply brief but the hearing will be on October 20 at 8:30 a.m. If no further hearing is requested, Plaintiffs' counsel shall file a revised proposed order regarding attorney fees with the Court in accordance with the above rulings by October 10. Alongside any proposed order, Plaintiffs' counsel shall provide a document indicating the final calculation of attorney fees.